UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81408-CIV-MARRA

VICTORIA ROHN, an individual,

Plaintiff,

vs.

PALM BEACH COUNTY SCHOOL BOARD
et al.,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant the School Board of Palm Beach County's Motion to Dismiss (DE 12); Defendant Family Central, Inc.'s Motion to Dismiss pursuant to Rule 12(b)(4) and 12(b)(5) for Insufficient Service of Process (DE 28); Defendants Laura Pincus and Jim Pegg's Motion to Dismiss (DE 33); Motion to Dismiss by Defendant Office of Early Learning (DE 35); Defendant Easter Seals' Motion to Dismiss with Prejudice (DE 38); Defendant Family Central Motion to Dismiss Amended Complaint for Failure to File Response by 9/10/2012 or for Order to Show Cause why Amended Complaint Should Not Be Dismissed (DE 43); Plaintiff's Motion for Reconsideration in Reply to Defendant Family Central's Motion to Dismiss and Motion Pursuant to FRCP Rule 14(A)(B) and Plaintiff's Request for Analysis under Rule 19(A) and (B) in Determination by Court whenever Joinder is not Feasible (DE 45); Defendant Family Central's Renewed Motion to Dismiss (DE 56); Plaintiff's Motion for Discovery to Aid in Service of Process in Reply to Defendant Family Central's Motion to Dismiss or Motion for Judicial Order on whether Service of Process has been Established (DE

62) and Defendant Easter Seals' Motion to Strike Plaintiff's "Reply" Brief Dated November 13, 2012 (DE 64).  The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I.  Background

Plaintiff Victoria Rohn ("Plaintiff"), who is proceeding *pro se*, and her husband initially filed a complaint and sought in forma pauperis status based on a 49-page complaint brought as parents of A.T.R. and J.Q.R. against various Defendants, including the School Board of Palm Beach County, Easter Seals Florida, Early Steps Program of the Treasure Coast, Agency for Workforce Innovation Office of Early Learning, Family Central, Inc and several individual defendants. (DE 1 and 3.)  That complaint sought declaratory relief, injunctive relief and damages against Defendants based on violation of the Individuals with Disabilities Act ("IDEA"), section 504 of the Rehabilitation Act of 1973 ("Section 504"), Retaliation under the American with Disabilities Act ("ADA"), 42 U.S.C. § 1983 ("section 1983") for constitutional violations and state law claims.  The Court subsequently dismissed counts one through six of the complaint, and required Plaintiff to find either an attorney to represent her children's interests on count one through six or amend her complaint to proceed *pro se* on her own behalf as to count seven only. (DE 5.)

On April 9, 2012, Plaintiff filed a 45 page Amended Complaint against the same Defendants, alleging violations of various federal and state statutes that are related to acts allegedly committed by Defendants against Plaintiff's children but brought on behalf of Plaintiff. (DE 10.)

II.  Discussion

    A. Motions to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  If a pleading "fails to specify the

3

allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).[1] The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971). However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it. Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." Stoner v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

After careful review of the Amended Complaint, the Court concludes that it is a

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

"shotgun" pleading and must be re-pled. See <u>Anderson</u>, 77 F.3d at 366. It is not a "short and plain statement of the claims" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Nor does it comply with Rule 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . ." Fed. R. Civ. P. 10(b).  In <u>Anderson</u>, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

<u>Id.</u> at 366-67; <u>see</u> <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996).

Plaintiff's Amended Complaint is 43 pages long, with a laundry list of claims that can best be described as rambling.  Although the Amended Complaint spans 170 paragraphs,[2] the Amended Complaint lacks specific factual allegations to support the legal claims pled.  Instead, each count incorporates every count of the preceding paragraphs, despite the length of the Amended Complaint. Moreover, Plaintiff provides extraneous details unnecessary to the claims brought. For example, Plaintiff states that her father "Baker-Acted" her. (Am. Compl. ¶ 169(i).[3]). Instead, the Amended Complaint ought to have focused on the acts taken by Defendants that allegedly caused Plaintiff harm.  Related to that, there is a problem pervasive to this entire Amended Complaint; namely, Plaintiff has not distinguished between her claims versus the

---

[2] Although the Amended Complaint's last paragraph is numbered "143," the Amended Complaint is misnumbered starting at paragraph 168.

[3] This paragraph is misnumbered "143."

claims of her minor children, which she is not permitted to bring as a *pro se* parent.[2]  See DE 5.

The Court will now address each count separately. To begin, count one is simply unintelligible and it is impossible for the Court to determine what acts Plaintiff claims violated her rights under the IDEA.  While a parent may bring an IDEA claim on her own behalf against a school district that does not provide a free appropriate public education to her children or denies her procedural rights as a parent, this must be clearly alleged.  Winkleman v. Parma City School District, 550 U.S. 516, 531 (2007).  Plaintiff may not, however, pursue an IDEA claim against private entities and individuals as opposed to the school district or public agencies. See L.M.P. ex rel E.P. v. School Bd. of Broward County, Fla., 516 F. Supp. 2d 1305, 1312 (S.D. Fla. 2007); P.R. v.  Central Texas Autism Ctr., Inc., No. A–08–CA–821 LY, 2009 WL 1393291, at * 6 (W.D. Tex. 2009).  Furthermore, with respect to the individual school board defendants, Plaintiff did not exhaust her administrative remedies against these Defendants because they were not parties to the impartial due process hearing (Final Order from Division of Administrative Hearings, DE 1-2, attached to Compl.). See Dunn- Fisher v. District School Bd. of Collier County, No.2:10–cv–512–FtM–29SPC, 2011 WL 4632568, at * 5 (M.D. Fla. Aug. 30, 2011).  Hence, Plaintiff may re-plead this claim against Defendant School Board only.  The claim against the individual school board members is dismissed without prejudice. As to all other Defendants, the claim is dismissed with prejudice.

Count two appears to be a state law negligence claim for educational malpractice.  Such

---

[2] Additionally, Plaintiff cannot bring claims on behalf of "her family" and "all individuals within the state" (Am. Compl. ¶ 1.)  See Warth v. Seldin, 422 U.S. 490, 499 (1975); Devine v. Indian River County Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997), overruled on other grounds, Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).

a claim, however, is not cognizable under Florida law. See Florida Dep't of Health & Rehab. Serv. v. B.J.M., 656 So. 2d 906, 914 (Fla. 1995); Simon v. Celebration Co., 883 So.2d 826, 832 (Fla. Dist. Ct. App. 2004).   Thus, count two is dismissed with prejudice.

Counts three and four are labeled as section 1983 claims. Although not completely clear, it appears these counts impermissibly attempt to bring IDEA claims as constitutional claims pursuant to section 1983.[3]   To the extent these section 1983 claims, which are premised on IDEA violations, are brought against individual defendants, there can be no liability against individual defendants.  See L.M.P. ex rel E.P. v. School Bd. of Broward County, Fla., 516 F. Supp. 2d 1305, 1313 (S.D. Fla. 2007).   Additionally, section 1983 claims against individual school administrators, professionals or agents of the school board are "functionally equivalent to claims against the entity they represent" and may be dismissed for that reason as well.  Godby v. Montgomery County Bd. of Educ., 996 F. Supp. 1390, 1403 (M.D. Ala. 1998); see  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir .1991); Katherine S. v. Umbach, No. CIV.A. 00–T–982–E, 2002 WL 226697, at * 18 (M.D. Ala. 2003). Likewise, to the extent Plaintiff is bring a claim for violations of the ADA or the Rehabilitation Act under section 1983, that too is not cognizable.  See Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522, 1530-31 (11th Cir. 1997).  With respect to claims for monetary relief brought against the State or its agencies pursuant to section 1983, such claims are prohibited in federal court. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003).  Therefore, all section 1983 claims brought against the individual defendants, the agents of the school board, the private entities and state agencies are dismissed with prejudice. Finally, with respect to Defendant School Board, Plaintiff has failed to

---

[3] Plaintiff does not identify which Defendants she is suing in count four.

allege how Defendant School Board violated her rights as set forth in <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978).  As such, Plaintiff has not provide an adequate factual basis to support a claim for municipal liability under section 1983.  Plaintiff may attempt to cure this pleading deficiency against Defendant School Board.

Counts five and six fail to allege standing of Plaintiff to bring claims pursuant to the Rehabilitation Act and the ADA.  See <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 11 (2004) ("In every federal case, the party bringing the suit must establish standing to prosecute the action." ) Plaintiff does not explain how Defendant School Board injured her as opposed to her children.  See <u>Granite State Outdoor Adver., Inc. v. City of Clearwater</u>, 351 F.3d 1112, 1116 (11th Cir. 2003) (standing requires an injury in fact).  The Court also notes that although the headings of these counts name various defendants, the allegations only refer to Defendant School Board.  Hence, the Court will grant Plaintiff leave to amend these counts to allege an injury against her, and not her children, with respect to Defendant School Board only.  All other Defendants are dismissed with prejudice.

<u>III. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)   Defendant the School Board of Palm Beach County's Motion to Dismiss (DE 12) is **GRANTED**.

2)   Defendant Family Central, Inc.'s Motion to Dismiss pursuant to Rule 12(b)(4) and 12(b)(5) for Insufficient Service of Process (DE 28) is **DENIED AS MOOT**.

3)   Defendants Laura Pincus and Jim Pegg's Motion to Dismiss (DE 33) is **GRANTED**.  All claims against these Defendants are dismissed with prejudice.

8

4)      Motion to Dismiss by Defendant Office of Early Learning (DE 35) is

        **GRANTED**.  All claims against this Defendant is dismissed with prejudice.

5)      Defendant Easter Seals' Motion to Dismiss with Prejudice (DE 38) is

        **GRANTED**.  All claims against this Defendant is dismissed with prejudice.

6)      Defendant Family Central Motion to Dismiss Amended Complaint for Failure to

        File Response by 9/10/2012 or for Order to Show Cause why Amended

        Complaint Should Not Be Dismissed (DE 43) is **DENIED AS MOOT**.

7)      Plaintiff's Motion for Reconsideration in Reply to Defendant Family Central's

        Motion to Dismiss and Motion Pursuant to FRCP Rule 14(A)(B) and Plaintiff's

        Request for Analysis under Rule 19(A) and (B) in Determination by Court

        whenever Joinder is not Feasible (DE 45) is **DENIED AS MOOT**.

8)      Defendant Family Central's Renewed Motion to Dismiss (DE 56) is **DENIED AS

        MOOT.**[4]

9)      Plaintiff's Motion for Discovery to Aid in Service of Process in Reply to

        Defendant Family Central's Motion to Dismiss or Motion for Judicial Order on

        whether Service of Process has been Established (DE 62) is **DENIED AS

        MOOT.**

10)     Defendant Easter Seals' Motion to Strike Plaintiff's "Reply" Brief Dated

        November 13, 2012 (DE 64) is **DENIED AS MOOT**.

---

[4] Although Defendants Family Central, Inc. and individual Defendants Amy Baron, Dana Wilcox, Janice Berrymant, Margoret Forgan, and Susan Chippandale have not filed a motion to dismiss for failure to state a clam, the Court will dismiss the claims against them with prejudice based on the rationale discussed herein.

11)    Plaintiff may file a Second Amended Complaint against Defendant School Board only.  Plaintiff is granted leave to amend the claims brought pursuant to the IDEA claim, section 1983, the Rehabilitation Act and the ADA.  The Second Amended Complaint must be filed by January 18, 2013.

12)    The Court will separately issue judgment.

        **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of December, 2012.

                                    _____

                                      KENNETH A. MARRA
                                      United States District Judge