UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81408-CIV-MARRA

VICTORIA ROHN, an individual,

Plaintiff,

vs.

PALM BEACH COUNTY SCHOOL BOARD
et al.,

Defendants.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Defendant's Motion to Dismiss (DE 73) and Defendant's Motion to Strike (DE 75). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

Plaintiff Victoria Rohn ("Plaintiff") filed an initial complaint on December 30, 2011 (DE 1) and an amended complaint on April 9, 2012 (DE 10). On December 21, 2012, the Court dismissed the amended complaint with leave to amend the claims against Defendant ("Defendant" "the School Board") brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), section 1983, the Rehabilitation Act and the American with Disabilities Act ("ADA"). (DE 67.) On March 5, 2013, Plaintiff filed a Second Amended Complaint ("SAC") (DE 72), which Defendant now moves to dismiss.

Plaintiff brings a six-count SAC, alleging a violation of the IDEA (count one), negligence

---

[1] The Court presumes familiarity with its prior Orders.

(count two), and violations of section 1983 (counts three and four), the Rehabilitation Act (count five) and the ADA (count six).  Defendant moves to dismiss, claiming that the SAC has failed to remedy the pleading deficiencies of the prior pleadings.  Specifically, Defendant contends that: (1) the SAC is incomprehensible; (2) the IDEA claims are not properly before the Court; (3) the negligence claim was previously dismissed with prejudice; (4) the section 1983 claims are not properly brought and not properly pled and (5) Plaintiff has no standing to bring claims under the Rehabilitation Act and the ADA.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

2

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

The Court begins by noting that Plaintiff has not adequately cured the pleading deficiencies. Even though 11 defendants have been dismissed and only one defendant remains, the SAC is 46 pages long with 161 paragraphs, not much shorter than the original complaint. Additionally, Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure which requires that a complaint provides a defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Despite these deficiencies, the Court will address each claim separately.

As stated in the Court's previous order, Plaintiff, as a parent, does have standing to bring an IDEA claim against Defendant on the basis that Defendant has not provided a free appropriate public education ("FAPE") to her children. Winkleman v. Parma City School District, 550 U.S. 516, 531 (2007). Plaintiff has attached to her pleading the final administrative order (DE 1-2.) At that hearing, Plaintiff claimed that Defendant failed to provide a FAPE. While inartfully pled, Plaintiff has sought to challenge the administrative ruling on this issue. That claim may therefore proceed.

At the same time, it also appears that Plaintiff has raised new issues in the SAC not raised at the administrative hearing. As such, these issues are waived. See, e.g., A. K. ex rel. J.K. v. Alexandria City School Bd., 484 F.3d 672, 679 n.7 (4th Cir. 2007) (IDEA claim waived ); David D. v. Dartmouth School Comm., 775 F.2d 411, 424 (1st Cir. 1985) (Education for All

Handicapped Children Act claim waived); Snyder ex rel. Snyder v. Montgomery County Public Schools, No. 2008-1757, 2009 WL 3246579, at * 6 (D. Md. Sept. 29, 2009) (IDEA claim waived); Field v. Haddonfield Bd. of Educ., 769 F. Supp. 1313, 1325 (D.N.J. 1991) (EHA claim waived).

The Court previously dismissed with prejudice the state law negligence claim and Plaintiff was not granted leave to re-plead this claim. Thus, the claim is once again dismissed with prejudice.

Next, the Court will address the section 1983 claims. While this Court has previously permitted section 1983 claims against a school board for IDEA violations, the Court has also informed Plaintiff that she must allege how Defendant violated her rights as set forth in Monell v. Dept. of Social Svcs., 436 U.S. 658 (1978). See L.M.P. ex rel v. School Bd. of Broward County, Fla., 516 F. Supp. 2d 1305, 1313-14 (S.D. Fla. 2007) (section 1983 claims based on IDEA violations are available to a plaintiff against a school board/district). Plaintiff has not alleged that Defendant violated a custom, policy or practice or that Defendant has a policy that caused either a constitutional or IDEA violation. At best, Plaintiff has alleged isolated events that do not rise to a policy or practice. See, e.g., City of Oklahoma City v Tuttle, 471 U.S. 808, 821 (1985); Cannon v. Taylor, 782 F.2d 947, 951 (11th Cir. 1986). At the same time, Plaintiff also alleged that Defendant chose *not* to follow their own customs and policies, which supports Defendant's argument that there is no violation because there is no custom or policy alleged. (TAC ¶ 146.)

The Court also informed Plaintiff that any amended pleading would need to allege her standing with respect to the claims brought pursuant to the Rehabilitation Act and the ADA.

4

With respect to the ADA claim, Plaintiff has essentially re-plead the claim, with the exception of adding paragraphs 159 and 160.  These additions fail to cure the pleading deficiency relative to standing.  Even though the Rehabilitation Act claim has been re-pled, it also suffers from fatal deficiencies.  While Plaintiff makes a passing reference to having a disability, she does not allege any facts showing she is an individual with a disability who is "otherwise qualified" for participation in a program receiving Federal financial assistance.  L.M.P., 516 F. Supp. 2d at 1301 (under the Rehabilitation Act, the plaintiff must show that she is individual with a disability under the Rehabilitation Act, otherwise qualified for participation in the program,  being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of her disability and the relevant program or activity receives federal financial assistance.)  Likewise, she does not show how any impairment limits her activities or alleges how Defendant was aware of her disability.  Chapman v. U.S. Postal Svc., 442 F. App'x 480, 485 (11th Cir. 2011) (failure to state a claim under the ADA when the plaintiff did not specify what the disability was or how it impaired a major life activity); Morisky v. Broward County, 80 F.3d 445, 448 (11th Cir. 1996) (no prima facie case shown when there is no proof that an employer had actual or constructive knowledge of the plaintiff's disability).[2]  Nor does the SAC allege that she is subject to discrimination *solely* because of her disability as required under the Rehabilitation Act.  L.M.P., 516 F. Supp. 2d at 1301.  Moreover, many of the

---

[2] Section 504 of the Rehabilitation Act and Title II of the ADA "offer essentially the same protections for people with disabilities," the most significant distinction being that section 504 only applies to those government agencies or departments that accept federal funds. Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 113 & n. 12 (2d Cir. 2001); Randolf v. v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999); McPherson v. Michigan High School Athletic Ass'n, Inc., 119 F.3d 453, 460 (6th Cir. 1997).

allegations in this count concern the alleged inability of Plaintiff's children to receive an education and Plaintiff does not have standing to raise this issue on behalf of her children..[3] (SAC ¶ 153.)

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. The case shall proceed on the IDEA claim only as to the claims raised in the administrative hearing.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1) Defendant's Motion to Dismiss (DE 73) is **GRANTED IN PART AND DENIED IN PART.**  Count one shall remain pending to the extent it challenges the findings of the final administrative order.  Counts two, three, four, five, and six are dismissed with prejudice.

2) Defendant's Motion to Strike (DE 75) is **DENIED**.

3) Because the Court may enter judgment on the basis of the administrative record in proceedings resembling the summary judgment process,[4] the Court hereby

---

[3] Plaintiff's response argues that she needs to engage in discovery in order to respond to Defendant's motion to dismiss. (Resp. at 1.) The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists. See Chudasama v. Mazada Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997)(a motion to dismiss for failure to state a claim should be resolved before discovery begins); Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981)("Discovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."); Stoner v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y.1991).  Thus, Plaintiff's argument is unpersuasive.

[4] See G.J. v. Muscogee County School District, 668 F.3d 1258 (11th Cir.2012) (citing Loren ex rel. Fisher v. Atlanta Indep. School System, 349 F.3d 1309 (11th Cir.2003)).

instructs the parties that this matter should be expeditiously reviewed to resolve the case on the merits.  The case will be placed on the expedited track and the parties should keep that in mind when filing their Joint Scheduling Report. Said report shall be filed **within 14 days of the date of this Order**.  Should the parties not be able to file a joint report, each party may file an individual scheduling report.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd  day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge